IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 26-cr-10133-LTS-JGD |
| v. | Violations: |
| (1) PEDRAM FEJAL, | Count One: Securities Fraud Conspiracy (18 U.S.C. § 1349) |
| (2) BRIAN FENSTERSZAUB, | |
| (3) MARK FENSTERSZAUB, | Count Two: Securities Fraud Conspiracy (18 U.S.C. § 371) |
| (4) SIMON FENSTERSZAUB, | Count Three: Securities Fraud; Aiding and Abetting |
| (5) ILYA GAVRILOV, | (18 U.S.C. §§ 1348 and 2) |
| (6) BARUCH IGAL HATANIAN, | Count Four: Securities Fraud; Aiding and Abetting |
| (7) YISROEL HOROWITZ, | (15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2) |
| (8) GOD IZRAELOV, | |
| (9) DAVID MORADI, | Count Five: Money Laundering Conspiracy (18 U.S.C. § 1956(h)) |
| (10) NICOLO NOURAFCHAN, | Counts Six through Eight: False Statements (18 U.S.C. § 1001(a)(2)) |
| (11) DAVID OSTROV, | |
| (12) YECHIEL SALZBERG, | Count Nine: Obstruction of Justice (18 U.S.C. § 1512(b)(3)) |
| (13) ABRAHAM SHILIAN, | Count Ten: Obstruction of Justice; Aiding and Abetting |
| (14) GAVRYEL SILVERSTEIN, | (18 U.S.C. §§ 1512(c)(1) and 2) |
| (15) JOSEPH SUSKIND, and | Forfeiture Allegation: |
| (16) ROBERT YADGAROV, | (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |
| Defendants | Money Laundering Forfeiture Allegation: (18 U.S.C. § 982(a)(1)) |

**PROTECTIVE ORDER**

Upon consideration of the government's assented-to motion for a protective order, and pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rules 7.2 and 116.6, it is hereby **ORDERED** that, with respect to discovery and reciprocal discovery materials that are produced to or by the defendants in the above-captioned matter:

1. The discovery materials produced in this case by the government to the defendants, and by the defendants to the government, may be used by the receiving party, their counsel, and any employees or agents of their counsel (*e.g.*, support staff, investigators, and other individuals retained to participate in the defense), solely in the litigation of this case (including any appeals) and the parallel civil enforcement action brought by the U.S. Securities and Exchange Commission, and for no other purpose and in connection with no other proceeding. *See SEC v. Nourafchan et al.*, 26-cv-12068-LTS.

2. Each party and their counsel will not disclose any discovery materials received from an adverse party, directly or indirectly, to any other person except those assisting the party or their counsel in the litigation of this case, counsel who have entered notices of appearance in the case, attorneys and employees of law firms that have been retained in the case, persons who are interviewed as potential witnesses, potential or retained experts and consultants, or any other category or person approved in writing by the producing party (collectively, "authorized persons"), during the course of the litigation of this case.

3. Each party's counsel and each party shall take reasonable and appropriate steps to prevent the unauthorized disclosure of the discovery materials received from an adverse party, including by maintaining the discovery materials in place(s) and manner(s) designed to protect against unauthorized disclosure.

4. When providing protected discovery materials to any authorized persons, defense counsel or his or her employee(s) or agent(s) must inform the person that the materials are provided subject to the terms of this protective order and that the person must comply with the terms of this protective order, and the person to whom such protected discovery materials are provided must sign an acknowledgement to be bound by the terms of the protective order.

5. Documents and other materials received from an adverse party revealing dates of birth, social security numbers, bank account numbers, brokerage account numbers, addresses, or other similar personal identifying information or financial account information of any person, any personal identifying information of any cooperating witness in this case, and materials that are sealed shall be considered "Confidential," and the receiving party shall not make such documents or information public or allow copies to be retained by any potential witnesses (with the exception of potential or retained experts) without redacting the identifying information. No party may disclose any of the Confidential materials in any court filings without first redacting all Confidential material, filing the material under seal, and/or appropriately sanitizing the materials (*e.g.*, referencing a cooperating witness as "cooperating witness" or "CW-#" instead of by name in public filings). Confidential materials as defined herein include both the records containing such Confidential information as well as the information contained within those records. Confidential materials may be produced as such either with a designation of "Confidential" printed on the top of the page of any such Confidential materials, or by designation of a bates range in a cover letter accompanying the production of such material.

6. Should the receiving party dispute the propriety of any designation of discovery as Confidential, counsel shall notify counsel for the producing party in writing. Within fourteen days of receiving notice, the producing party shall respond to the notice in writing. If, after this exchange

of correspondence, the parties cannot resolve the dispute, they may apply to the Court for a ruling. The burden shall be on the producing party to show that the material qualifies as Confidential material. During the pendency of the application for a ruling on the designation, the discovery material shall be treated as Confidential subject to the terms of this Order. The failure to formally challenge designation of certain material as Confidential shall not constitute a waiver of any party's ability to challenge that designation at a later time.

7. The defendants' counsel will inform the defendants of the provisions of this protective order and direct them not to disclose or use any information contained in the government's discovery in violation of this protective order.

8. This order does not apply to: (i) materials that are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings; (ii) the use of materials by a particular Defendant that were derived directly from that Defendant or that pertain solely to that Defendant; and (iii) materials that the defense obtains by means other than discovery. Notwithstanding these provisions, including (ii) above, a party may not publicly file materials protected under Fed. R. Crim. P. 49.1 or materials that identify a cooperating witness.

9. At the conclusion of these proceedings, including any related appeals, new trial motions, appeals, or other post-trial proceedings, as well as the conclusion of proceedings in *SEC v. Nourafchan et al.*, 26-cv-12068-LTS, the defendants, the defense, and all authorized persons shall return discovery materials to the government, or certify that the discovery materials, including any copies thereof, have been destroyed. Notwithstanding this provision, each defendant may maintain a copy of their own personal account records and communications and, upon notice

to the Court, any other specific materials needed to clarify their employment, legal obligations, or financial relationships.

10. Nothing in this order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

11. This order also does not preclude the filing of materials received in discovery, or stating facts set forth in those materials, in motions or other court filings, provided that any Confidential material is appropriately redacted, filed under seal, or otherwise appropriately sanitized (e.g., no explicit naming of a cooperating witness in public filings) after obtaining leave of Court following the filing of a motion to seal.

**SO ORDERED.**

Date: 6/22/2026

Judith G. Dein
Honorable Judith G. Dein
United States Magistrate Judge